**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 23-3096
_____

UNITED STATES OF AMERICA

v.

RICHARD POTTS,
a/k/a Nasir Haqq;
a/k/a Nasir Jones;
a/k/a Nasir;
a/k/a Naz,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-01-cr-00457-003)
District Judge:  Honorable Mitchell S. Goldberg

_____

Submitted on Appellee's Motion for
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 21, 2024

Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed  April 8, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se Appellant Richard Potts appeals the District Court's denial of his motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has timely moved for summary affirmance. For the reasons stated herein, we will summarily affirm the District Court's denial of Potts' motions.

A jury found Potts guilty of conspiracy to distribute more than 50 grams of crack within 1,000 feet of a school, in violation of 21 U.S.C. §§ 846 and 860, and murder in furtherance of a drug trafficking offense, in violation of 21 U.S.C. § 848(e)(1)(A). He was sentenced to life imprisonment. Acting pro se, Potts filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the Amended First Step Act of 2018. Shortly thereafter, he filed a New/Supplemental Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), the Amended First Step Act of 2018, and the United States Sentencing Guidelines effective November 1, 2023. The District Court denied these motions, and Potts timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's denial of compassionate release for abuse of discretion. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). We may summarily affirm a district court's judgment if the appellant fails to present a substantial question. See 3d Cir. L.A.R. 27. 4 and I.O.P. 10.6.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release," in an action often

referred to as "compassionate release," if a prisoner demonstrates that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).

In his motions, Potts presented four bases for relief: (1) serious medical conditions that make him especially vulnerable to COVID-19 and its variants; (2) his rehabilitation; (3) his age at the time of his offenses; and (4) his unusually long sentence combined with changes in sentencing laws. He alleged that he suffered from the effects of long COVID, asthma, chronic kidney disease, acute kidney injury, hypertension, epilepsy, and a host of other medical conditions. He has been fully vaccinated against COVID-19, and has received treatment for kidney disease and seizure disorder. After noting that Potts' medical conditions did not appear to be restricting his activities of daily living or self-care, the District Court concluded that Potts' medical conditions did not constitute an extraordinary and compelling reason warranting compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (noting that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"); United States v. Pawlowski, 967 F.3d 327, 331 (3d Cir. 2020) (explaining that even serious medical conditions may not warrant compassionate release).

The District Court also rejected Potts' arguments regarding his rehabilitation and his age at the time of his offenses. See Andrews, 12 F.4th at 262. It also rejected his argument regarding the length of his sentence, because Potts failed to show a change in the law that produces a gross disparity between the sentence being served and the

3

sentence likely to be imposed at the time Potts filed his motion. Indeed, as the District Court noted, Potts has presented this argument twice before the instant proceedings and been rejected both times. It also concluded that, even if Potts had presented an extraordinary and compelling reason for compassionate release, this relief would nevertheless be unwarranted in light of the factors set out in 18 U.S.C. § 3553(a).

Upon review, we perceive no abuse of discretion in the District Court's decision to deny Potts' motions for compassionate release. For the reasons the District Court provided, we agree with its determination that none of Potts' first three grounds for relief—i.e., his medical conditions in light of COVID-19 and its variants; his rehabilitation; and his age at the time of his offenses—amounts to an extraordinary and compelling reason for compassionate release. With respect to his argument related to the length of his sentence, we note that an amendment to the U.S. Sentencing Guidelines that went into effect on November 1, 2023, provides that a "change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason," but only if (1) the defendant received "an unusually long sentence," (2) the defendant has served at least 10 years of the sentence, and (3) there is a "gross disparity" between the defendant's sentence and the one he likely would receive following the change in law. U.S.S.G. § 1B1.13(b)(6); see also § 1B1.13(c) (providing that "a change in the law . . . shall not [otherwise] be considered for purposes of determining whether an extraordinary and compelling reason exists"). Prior to the 2023 Amendment, we have relied on Andrews, in which we held that a change in statutory

4

sentencing law was not an "extraordinary and compelling" reason for resentencing where Congress had expressly made the change non-retroactive. <u>Andrews</u>, 12 F.4th at 261.

We have yet to squarely address the impact that the new sentencing guideline amendment may have on our holding in <u>Andrews</u>. But even assuming arguendo that a change in decisional law regarding sentencing can constitute an "extraordinary and compelling reason" for resentencing, that does not avail Potts, since he failed to identify such a change in the law. Furthermore, even if Potts had presented an extraordinary and compelling reason for resentencing, we find no abuse of discretion in the District Court's conclusion that compassionate release would be inappropriate in light of the 18 U.S.C. § 3553(a) factors, specifically the nature and circumstances of Potts' offenses—murder and drug trafficking on a massive scale—and the need for the sentence imposed to reflect the seriousness of these crimes.

In his appeal, Potts does not present a substantial question. Accordingly, we grant the Government's motion, and will summarily affirm the District Court's judgment.